This is Ms. Johnson. Yes, good morning, Your Honors. May it please the Court, my name is Cori Johnson. I represent Pacific Fisheries, Inc., or PFI. Pacific Fisheries seeks its own taxpayer return information from the IRS under the Freedom of Information Act, and that information it is legally entitled to. It has encountered nothing but resistance from the government, ranging from significant delays to the improper claiming of exemptions under FOIA. Specifically, it improperly claimed exemptions under the tax treaty. It improperly claimed that it did not have to segregate factual materials from documents claimed under the work product privilege. And the district court committed a number of errors, including failing to require the government to provide a sufficient Vaughn index, and it abused its discretion when it failed to conduct an in-camera review of the documents. Now, the in-camera review is discretionary with the court, isn't that right? It is discretionary under the statute. However, the case law is clear that when the government exhibits bad faith, either in the underlying action or with respect to its conduct in the FOIA response, that the court must – it's an abuse of that discretion if the court does not conduct an in-camera review. And that's set forth in Ruggiero, Jones, and Kenyon. And in this case, not only – well, let me back up. First of all, the government failed to give proper notice of the summons. Then the government failed to withdraw the summons, even though it was brought to its attention that it was invalid on its face. It only withdrew the summons on the day it was required to answer. It originally filed its answer in the FOIA request, claiming that it had absolutely no responsive documents. After forcing the plaintiff – or the PFI to file a petition to quash the summons, then in its answer to that, it claimed that there were no responsive documents. And then it was over two years that we finally did get documents on the very day that dispositive motions were to be filed with the court. And the district court found that there was bad faith when it ordered sanctions. So in this case, it's not a question of whether or not the government was acting in bad faith. The district court found that it ordered sanctions. And in that – and in these circumstances here, it was an abuse of that discretion not to conduct an in-camera review. Would your request for an in-camera review be limited to certain of the documents, or do you want the district court looking at everything? Well, I guess that would depend upon the results of some of the other issues. For example, the tax treaty information. I think the in-camera review would be particularly relevant with respect to whether all the factual portions were several – you know, whether it was severable and whether those – the severable portions were disclosed. But with respect to the tax treaty information, FOIA Exemption B-3 exempts materials that are specifically prohibited from disclosure. The government relies on Section 6105A, which exempts information that is confidential under a tax convention. Here we have a tax treaty between the U.S.-Russian Income Tax Treaty. Section 25 of that treaty states that information received by a contracting state is confidential in the same manner as information under the domestic laws of that state. Therefore, you have to look to the – to the code for disclosure of information. And that's Section 6103, which requires disclosure of the taxpayer's return information to the taxpayer. What do I do with the fact that the government argues that you waived this argument? Well, I think that – I mean, the honest truth is that the only time you ever mention it in the summary judgment is coming back in a response after the government's already replied to your summary judgment. And at the same time, the government had moved for summary judgment, and you didn't do anything in your response to the government's motion. The only time you get it is after the government has no right to respond. Well, I would disagree that we did not raise it. I believe that we did raise it in our motion for summary judgment. I would direct Your Honor's attention to ER 77, where we state that the IRS has failed to demonstrate that the 150 withheld materials are exempt from disclosure under 552B, 26 U.S.C. 6105, which is the statute that discusses tax treaty information, and 6103, which, as I said, is the statute that requires disclosure of the taxpayer's return information. And not only did the government have an opportunity to respond to that, but it did respond in its reply. Granted, it was a summary response, but that is not Pacific Fisheries' fault. That's the government's fault. The burden is on them. They acknowledge the burden is on them, and it has always remained on them to justify every single exemption that they claim. And they had an opportunity, and they took it in ER 83. Counsel, let me ask you a question. You're not going to tell me that the government ought to give you attorney work product facts, are you? Yes, I am. It seems to me that we've held in Hickman v. Taylor, well, excuse me, that the Supreme Court has held in Hickman v. Taylor that attorney work product is generally not discoverable. And therefore, my situation is that I'm looking at what was not produced and what was, and I'm saying to myself, the attorney work product facts are not discoverable. And so I'm trying to go down to, then, what other facts are there that ought to be discoverable? So I'll let you respond to that, but then I'm going to go down to executive deliberative process privilege, which is the other issue. And I think it all falls under the deliberative process privilege because the government claims the work product privilege under exemption B-5 in FOIA. That is the exemption that applies to agency documents and says that it would not be available, that you do not have to disclose documents that otherwise would not be available by law. And it is under that B-5 exemption that the work product or the work product exemption falls. And I — Pacific Fisheries relies on EPA v. Mink. That's a Supreme Court case discussing the exemption B-5. And it states that — well, it discusses exemption B-5 generally. It paints with a very broad brush what is required to be disclosed under exemption B-5, which is where the work product exemption falls. And it states that the factual portions must be severed and disclosed. And it noted that that Supreme Court noted that virtually all courts of applied exemption 5 recognize that it requires different treatment for materials reflecting the deliberative process on the one hand and purely factual investigative matters on the other. It cites eight cases. Thus, Mink does not delineate between work product privilege and the deliberative process privilege. They both fall under exemption 5, and, therefore, all of the factual material must be disclosed. The two that were only partially disclosed, these were documents what? I'm sorry. You had two documents which were partially disclosed, pages 138 and 143, as I understand it. Well, there were over 200 pages of documents that were only partially disclosed. If I look at the documents, pages 138 and 143, they're claiming executive deliberative process privilege, and they were partially disclosed. As I understand it, these documents were e-mails between IRS employees, IRS chief counsel attorneys, reflecting opinions, analysis, advice, correct? I am sorry. I do not know specifically what documents you're referring to, but are they? I guess my worry is that if I go through and I say about attorney-client privilege documents, that I don't believe those ought to be disclosed, and I then go to other documents and whether they ought to be disclosed. At that point, I'm really going down to what documents we have there that are not attorney-client privilege documents, and I came up with five. Five documents which are not attorney-client, which meet executive deliberative process privilege, over and above attorney-client privilege documents. Well, I think that the government claimed the deliberative process privilege and the work product privilege. I don't believe they were claiming the attorney-client privilege. Well, work product. Sorry, I said by attorney-client work product is what I meant. Sorry, you're exactly true. That's okay. But the work product privilege has been recognized that it's- I heard your argument on that. I guess I'm trying to get to other privileges they took, which the only other privilege they took is the executive deliberative process privilege, correct? Yes. And five documents came to that. No, I believe there are more than five documents under the deliberative process privilege. I don't have them here, but pages 72 through- Excerpts of record page 52. How many overlapped? Excuse me? How many overlapped? Did they assert both work product and deliberative process privilege to the same document? Yes, on many. How many overlapped? I do not know how many overlapped. But I as far as I can tell the government's brief, and we don't have the documents to be able to verify it, but they are only claiming that the factual material does not have to be disclosed under the work product privilege. And if there's any overlap between the deliberative process and the work product because they were claiming work product, then they were not disclosing the factual material on those documents. That's exactly what they claim. Right. That's what I try to distinguish between attorney product, work product, the overlap, but now didn't have any overlap. Get to those documents so I can get after those documents so I can see what I can do with those. Because as I understand the law, as to the other privilege, they might have to produce, segregate, do what they have to do in order to get there because we've got some law on that. So that's why I tried to delineate. Right. And I think, you know, maybe it's difficult to delineate because the government's Vaughan index, the Newsom declaration that they produced, was insufficient and deficient in detail. It included conclusory self-serving legal conclusions and did not specify in many instances the date, all of the intended recipients, the authors, and the subject matter was very broad. And the language in there was just a parodying of the statutory language that was sufficient to claim the exemption. And many cases, particularly the animal legal defense fund, held that the blanket, such a blanket and conclusory legal conclusion in the Vaughan index is insufficient and it should be detailed enough so that the person reading it could come to the same conclusions that the government did. And that, I don't think, is clear. You probably have to see the document in order to make that, to have it that clear. Well, yes. I mean, seeing the document would help. But if we don't have 150 of the documents, then we, you know, all we're left with is what's on the Vaughan index, which is some, you know, general statement about, you know, that it reflects the analysis opinion work product. I want to look at one, item number 15. It says the deleted material is included in e-mails and notes and consists of information concerning parties other than the plaintiff and is unrelated to the plaintiff's July 27, 2004 FOIA request. What do you want them to say? Well, if it's unrelated. Disclosing the content. Well, without disclosing the content, they could still be clear in the subject matter. They could provide dates to know that if it was, you know, actually in anticipation of litigation about when the document was created. I mean, that, you know, a letter in ER 54. With the item I just gave, item 15 in the Vaughan index, you would want to say, okay, this is an e-mail between so-and-so regarding what? Regarding? Is that what you want? Well, an item. Well, item 15 is. I just picked one at random. I just picked one at random. You said the Vaughan index was, you know, completely just too general and. Yes. With respect to the deliberative process privilege and what they are claiming under the attorney work product privilege, the two privileges that requires the severability of factual information, I would submit that it is. Okay. Here's one. Attorney work product privilege 21A. Pages 36 to 38. Consists of a letter written by an IRS chief counsel attorney to DOJ reflecting the IRS office of chief counsel's opinions, analysis, advice, thought processes, strategies, and recommendations as to the appropriate course of action to take in responding to plaintiff's petition to quash a third-party summons served by the IRS. This letter contains the position of the IRS office of chief counsel regarding the litigation concerning the third-party summons served by the IRS. Now, what more do you want? Well, if it contains facts, say, from the Russian authorities that were used to issue the summonses, which we know that, you know, they were not under U.S. audit or investigation. It was solely as a result of a request from the Russians. Those facts that are outside from outside sources should be severable. There's no date. I'm not talking about severability. I'm not talking about severability. No, I'm talking about you said that the Newsom declaration is completely inadequate. And I want to know what more they need to put in the example 21A to satisfy your complaint about the quality of the Newsom index. I mean, of the bond index. I would submit that a date would be helpful. More information on the subject matter would be useful for someone to make that conclusion. And if you notice, every single A, B, C, it's almost the, you know, exact same wording, except maybe it's a letter instead of an e-mail and so forth. Did you want to save some time for rebuttal? Yes, Your Honor. I would like to save some time for rebuttal. So maybe I will end my comments here. Thank you. Good morning, Your Honor. Your Honors. Gretchen Wolfinger for the United States. Initially, I'm a little bit confused and I'd like to straighten out what I believe the issues are in appeal. I don't believe that the adequacy of the bond index was ever addressed specifically in the reply, in the opening brief or the reply brief from Pacific Fisheries. And, in fact, the district court at ER, excerpts of record 158 to 59, found that the Newsom declaration was sufficient to act as a bond index and provided Pacific Fisheries with all the information they needed to adequately challenge the FOIA production. So I don't believe that that's an issue here before the Court. Even if it is, I think the district court's ruling is correct, that it was more than sufficient in both declarations, in fact, from Ms. Newsom. Proceeding to the issue regarding Exemption 5, the deliberative process privilege and the attorney work product privilege, the district court's ruling was correct and I don't believe that there's any disagreement that factual materials might not be protected by the deliberative process privilege, but they are protected under the attorney work product doctrine. And that's what Ms. Newsom explained in her second declaration. What's the authority for that? What's the case that counsel's asking? Well, your colleague has cited Taylor v. Hickman, but in our brief we cited several cases, including the tax analyst case, 117 F. 3rd. 607. And we cited some other cases as well. I believe A. Michaels-Piano. And they're in our brief. So I don't believe that there's any question or issue unless the panel disagrees with the reason of those cases, that attorney work product would protect factual materials and that when you're making a claim under B-5, you can claim both privileges deliberative process and separately from that attorney work product. Now, as to those where it was the deliberative process, was there appropriate segregation? Was there appropriate segregation? Yes, Your Honor, as far as I know. The Newsom declaration discusses what was segregated and represented that there was appropriate segregation made, and there's been nothing of a factual nature or a legal nature that indicated that there was some basis for concluding that the government hadn't properly redacted. In their proceedings, in their pleadings below and the proceedings here, the briefing here, Pacific Fisheries hasn't indicated any sort of factual basis for believing based on what was said in the declarations that there was improper redaction, and they certainly haven't advanced a sufficient legal basis for that. With regard to in-camera review, that is discretionary with the district court, and the district court did have an adequate factual basis based on the declarations here for determining that in-camera review was not necessary. The declarations were very detailed, and in fact, in their second response to the declaration from Ms. Newsom, she addressed the arguments raised by Pacific Fisheries with regard to the government's initial summary judgment motion. When there is a finding of bad faith, which let's assume there was here, what burden is shifted to the court to review the documents? No, I would not assume, Your Honor, that there was a finding of bad faith here, at least with regard to the reduction. The district court found that there were problems with the initial claim that there were no responsive documents, and he raised that issue with the parties, and the parties settled that issue. But he – and he was the same judge who made the ruling on the substantive FOIA request, and he, in fact, concluded that – I believe, and I'm looking for the citation here – that the government had, once it made production, had met its obligations under the FOIA, and that's his finding at Excerpt of Record 161. What about the underlying issuance of the subpoenas that were withdrawn? Yes. Is that evidence of bad faith? With which, Your Honor, is familiar, as I recall. Yes. In fact, I was a little nonplussed. I expected Judge Schwarzer to be sitting there, who would have had factual knowledge of the preceding case as well. No, those are totally separate issues, Your Honor. That wasn't an issue involving issuances of summonses, and I don't, in fact, believe from the Court's ruling, which was that the United States was not responsible for the payment of attorney's fees, that that could be construed as bad faith. And in any event, that's completely separate from the FOIA production and what the government did in producing and redacting those documents. So I would say that there was no evidence of bad faith with regard to the production of the documents. And so in-camera review was not necessary. What about the treaty privilege issue? That's what I'm getting to, Your Honor. It was waived. It was not raised below in their opposition to the government's motion for summary judgment. And, in fact, they raised several other issues regarding documents that were withheld or redacted. What do you do with the district court's comment that he first notes that it was not properly presented, and he's, ah, nonetheless, there's no merit to it? What do you do with that? Exactly what we requested in our brief. And if the court finds that it was not waived, then, in fact, we would maintain strenuously that it was, because Ms. Newsom was able to respond to the other allegations that were raised and produced a fairly detailed declaration explaining those allegations. We would request that if the court finds it was not waived, that it be remanded for consideration by the agency. In the case law that says that, you know, in proceedings in the district court, if you don't present, like, you're the movement on summary judgment, and you don't raise an issue until you're reply brief, that it's waived, we have cases that say that. I'm sorry, I don't have anything, Your Honor. I believe that's a general waiver principle. It's certainly true here in the court of appeals. It's not true here, but I believe that the general. It's interesting. I couldn't find any cases that basically said that. Because the district court here, it was alluded to in the reply. She did raise it in the reply brief. I think what she cited. And the district court said, oh, that wasn't good enough, but nonetheless, there's no merit to it in any event. Yeah. I think that what opposing counsel has cited to you, ER-77, is just a, there's no discussion.  They don't provide any discussion or explanation of the issue. Well, it was enough to catch the district court's eye. I'm sorry? It was enough. The district court was aware of it. And, of course, it burdens on the government. The burden is on the government in terms of production, but I don't believe the burden is on the government to respond to an argument that's not been made. Certainly not. It was a 6105 argument in connection with 6103. If they mention the particular section of the statute, maybe that puts an obligation  I would argue that it wasn't, Your Honor, that the argument could have been anything. And certainly, as discussed in their reply, it was a lot more detailed than anything that was mentioned in their initial papers, referencing not only the statute, but the treaty as well. That certainly wasn't before the government. And I don't believe the government has an obligation to be mind readers. But if I answered, I'm not sure I answered your question, Your Honor, but I believe that we need to. But the district, in any event, Pacific Fisheries has created no question of fact over whether the service properly withheld treaty information. And then he goes down and drops a footnote. Yes. And he said the district court was aware, quite aware of the issue, and went on to address it. So I'm just wondering if that's a waiver. I mean, everybody says, well, they waived it. They waived it below. I don't know that he waived it. I think he was aware of it because it came up in their reply. So he addressed it. The waiver was the government didn't have an opportunity to respond to it. He responded to it. Well, if he was going to address it as he did here, and the government says, well, we can get an opportunity to really brief it and have a complete interchange on that issue, maybe the remedy is just, you know, we should send that issue back to the district court and say give the government a chance to be heard. And that is what we, in fact, requested in our briefs, Your Honor. If you don't find that it was waived, that it be returned to the district court so the government can get an opportunity to fully brief and comment, the IRS can, on that issue. So your real argument, then, is if it's waived or if it was waived in the district court, your real argument is you shouldn't review this because the district court didn't have a chance to review it first. And there is case law about that, correct? Yes, Your Honor. And also there was not the factual record, such as an additional nuisance declaration that might be necessary for this court to make a ruling. And I would caution the court in this respect. There has been discussion about Pacific Fisheries wanting tax returns and tax return information. Those are two quite distinct things as defined in 6103. And with regard to tax return information, I'm looking at 6103. Are we talking about the taxpayers' information, not third parties? We're talking about Pacific Fisheries. Well, we're talking about Pacific Fisheries tax return, which is one item. But tax return information pertaining to Pacific Fisheries. And with regard to tax return information or return information, 6103E7 states that return information with respect to any taxpayer may be open to inspection by or disclosure to any person authorized by the subsection to inspect any return of such taxpayer. If the Secretary determines that such disclosure would not seriously impair Federal Tax Administration, so just because it's tax return or return information with regard to a particular taxpayer does not mean that it's automatically disclosable. The Secretary can make a finding that, in fact, it would impede tax administration. So I would argue for that reason as well, because there is an incomplete factual record before this Court that it would not be proof for the Court to address that. No, I'm not at all suggesting that. I was just quite what to make of what the district court did here. That's all. Well, I suppose what the Pacific Fisheries really wants to know is what information about them was given to the Russian Commission. I'm sure that's what Pacific Fisheries wants to know and what everyone has wanted to know from the minute it submitted its FOIA request. And if that was such a significant issue for Pacific Fisheries, it should have been raised in their opposition to the summary judgment motion by the United States where it raised its other objections. This isn't something that was unknown to them or came upon them by surprise. This was a ---- I was just factually trying to say that it's not too relevant to all your discussion about certain tax information that is maybe privy to the IRS only. They just want to know what of their information was given to the government. No, Your Honor, and I'm trying to make a very distinct point. Even return information with regard to Pacific Fisheries themselves may not be disclosable to Pacific Fisheries if the Secretary certifies that it would impede tax administration. So I'm saying that ---- Could the Secretary make that certification here? There's been no factual development below because the issue wasn't raised until the reply brief. But that was one of the ---- but the privilege was one of the basis on which you withheld disclosure. Yes, Your Honor, but I don't know if this argument was not raised and was not considered. So I'm not sure of the 6103 basis. Let me ask you a question, counsel. If you have provided information with given documents, having segregated some information in those documents but produced other information, and if your only privilege is executive deliberative process privilege, is there any requirement under our law to then have you produce all of those documents? Now I'm talking you go through documents, you strike out some based on some information, but we have executive deliberative process privilege for the strike. Is there any law that you know of under our law that would suggest you have to produce all the documents or further segregate after you've already struck some under the executive deliberative process? I'm talking about two documents. There are two documents in page 138 and 143 where you've made a partial disclosure, but you have not given a full disclosure, and you suggest that under those that they are exempt under executive deliberative process privilege. My worry is do you need to make further disclosure in those events? Your Honor, it would help me. I presume that you're referring to a page in the excerpts of record. It would assist me if you could tell me the page. 138, 143. Okay. 138. I'm sorry. Documents. They are documents. I don't have ‑‑ I have documents. I don't know that they're at that page. I think that was of the documents that you produced. That you produced. Oh, but ‑‑ I mean, what I've gone through are documents based on what I had in front of me. No problem. I would say that I believe that you didn't have the actual documents. You're going based on the Newsom Declaration. Yes. Okay. I would say that they are properly redacted or not produced pursuant to her declaration that if she didn't produce something, it was covered in its entirety by the process. Or if she redacted, she redacted appropriately. I think that she stated in her declaration that she's aware of the extent of the process and attorney work product. And when she went through her declaration and looked at the documents, she acted in accord with the parameters of those privileges. Okay. Nothing else? Nothing else. Thank you. We have a few minutes of rebuttal time. Okay. Thank you, Your Honor. I would just like to go back to the issue about whether factual material must be segregated under the work product privilege. And I would like to point out that the Fourth and the Fifth Circuits have both held that factual material must be segregated even under the work product privilege, that following NINC there is no distinction between deliberative process and work product when it comes to factual material because it all falls under Exemption 5. And the cases that the government relies on, A. Michael's Piano, a Second Circuit case, it actually did not deal with this issue at all. It dealt solely with respect to whether the documents were prepared in anticipation of litigation. The tax analyst v. IRS case in the D.C.  called Field Service Advice Memoranda, which is direct advice from the council to its field personnel, did not the factual material was too intertwined to segregate. It did mention that factual material does receive a lower degree of protection under the federal rules than the deliberative work product. And in Martin v. Office of Special Counsel, another case the government relies on, I think that case is factually distinguishable as well because the plaintiff in that case had already had discovery in the district court. It was denied the context, the handwritten notes of the attorney that it was that they were seeking. And so in a run around the civil discovery rules, it filed this FOIA request, and the court at that, you know, was unimpressed at the plaintiff's attempt to do that. You know, here we have not had discovery because the government withdrew its summons and the case became moot, so we never had the opportunity to conduct discovery. And, you know, handwritten notes taken by an attorney, the factual material note, and those may be more difficult to segregate than, say, an 11-page memo, which I think they withheld, or a 12-page letter that might discuss some of the facts before it gets to the legal analysis. And that factual portion in there ought to be disclosed under Mink and the cases in the Fourth and Fifth Circuit, which it followed. You know, there was a question to government regarding whether they appropriately segregated the materials, and I think the government, when it was reviewing the materials, had a misunderstanding of the applicable law, and therefore followed, you know, did not have the right law in mind when it was making those decisions. And with respect to the waiver, the government produced the documents on the same day that we had to file our dispositive motions. The PFI had very limited time to review the documents, to review the declaration and make an argument. It did make an argument. It cited the statute. It challenged the propriety of the withholding under the tax treaty, and I see my time is running out. Thank you.
judges: Fletcher, Paez, Smith